# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| ULYSSES BLACKSHEAR, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV419-338 |
| | ) | |
| WARDEN JOSE MORALES; et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, a prisoner incarcerated at Baldwin State Prison in Hardwick, Georgia, has submitted a 42 U.S.C. § 1983 Complaint alleging he was run over and then denied proper medical treatment while at Coastal State Prison. Doc. 1. The Court granted plaintiff's motion for leave to proceed *in forma pauperis* (IFP), doc. 5, and he has provided all requested documentation, docs. 6 & 7. The Court now screens the Complaint pursuant to 28 U.S.C. § 1915A.[1]

---

[1] In cases seeking redress from a government entity or its officials, the PLRA requires a preliminary screening in order to "identify cognizable complaints" and to dismiss, prior to service, any complaint that is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

## BACKGROUND[2]

In his Complaint, plaintiff alleges he was backed over by defendant Samuel Miller of maintenance at Coastal State Prison in Garden City, Georgia on February 9, 2018, and then, on that same day, denied proper medical treatment at the prison by defendant Dr. Awe. Doc. 1. Plaintiff also alleges the Warden of Coastal State Prison, defendant Jose Morales, tried to talk him out of suing the Georgia Department of Corrections and, after plaintiff refused, defendant Morales removed plaintiff from the Faith and Character Program at Coastal State Prison. *Id.* Plaintiff seeks relief for his pain and suffering. *Id.* at 5.

It appears plaintiff previously filed an action based on some of the same underlying facts; however, on May 31, 2019, the Court granted plaintiff's request to voluntarily dismiss that action and dismissed the case without prejudice. *Blackshear v. Morales*, CV418-291, doc. 1 (S.D. Ga. Dec. 10, 2018), doc. 20 (S.D. Ga. May 31, 2019). Although, as discussed below, Blackshear's failure to disclose his prior lawsuit is

---

[2] Because the Court applies Fed. R. Civ. P. 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the complaint are taken as true and construed in the light most favorable to the plaintiff, *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

relevant here, the Court considers only the allegations in the present action, which does not reference or otherwise incorporate any of the pleadings filed in his previous suit.

## ANALYSIS

### I. ORDER TO SHOW CAUSE

As an initial matter, the Court finds plaintiff has been less than frank in filling out his Complaint. The form which he used requires him to describe whether he has brought any lawsuits in federal court dealing with the same facts involved in this action. Doc. 1 at 1. In response, plaintiff indicated there had been no other lawsuits. *Id.* However, as noted above, plaintiff previously filed a complaint against defendants Morales, Miller, and Awe alleging similar facts. This failure to disclose his prior lawsuit gives the Court an independent reason to dismiss his case. *See Sears v. Haas*, 509 F. App'x 935, 936 (11th Cir. 2013) (*per curiam*) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation). Dismissal as a sanction for selective disclosure is well established in this district. *See, e.g., Brown v. Wright*, CV111-044, doc. 12 (S.D. Ga. June 17, 2011); *Hood v. Tompkins*,

CV605-094, doc. 8 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006).

Accordingly, plaintiff is **DIRECTED** to **SHOW CAUSE** within thirty days from the date of this Order and Report and Recommendation as to why he failed to disclose his prior federal lawsuit and why this Court should not recommend dismissal for failure to properly disclose it. As discussed below, Plaintiff must also file an Amended Complaint. However, simply disclosing his prior suit in that Amended Complaint is not sufficient to explain why he failed to disclose it in the original Complaint. He must explain that failure. Blackshear is advised that failure to comply with this direction may result in a recommendation of dismissal on the independent grounds of failing to obey a court order. *See* Fed. R. Civ. P. 41(b).

## II.   SCREENING

As discussed above, the Court must also determine whether any of the claims asserted in Blackshear's Complaint are frivolous, malicious, or fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b). Rather than require plaintiff to comply with the show-cause

order prior to conducting that screening, the Court addresses both issues in this Order and Report and Recommendations.

### A. Georgia Department of Corrections

Plaintiff has named the Georgia Department of Corrections as a defendant. Doc. 1 at 1, 4. However, any claims against the Georgia Department of Corrections must fail. A lawsuit against a state official, in his or her official capacity, or a state agency is no different from a suit against a state itself; such defendants are immune under the Eleventh Amendment. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). In enacting 42 U.S.C. § 1983, Congress did not intend to abrogate "well-established immunities or defenses" under the common law or the Eleventh Amendment. *Will*, 491 U.S. at 67. Because the State of Georgia would be the real party in interest in a suit against the Georgia Department of Corrections, the Eleventh Amendment immunizes it from suit. *Free v. Granger*, 887 F.2d 1552, 1557 (11th Cir. 1989); *see also Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989) ("This Eleventh Amendment bar [of an action against the Georgia Department of Corrections] applies regardless of whether the plaintiff seeks money damages or prospective injunctive relief."). All claims by plaintiff against

5

the Georgia Department of Corrections, therefore, should be **DISMISSED**.

## B. Defendant Morales

Plaintiff alleges defendant Morales tried to talk him out of suing the Georgia Department of Corrections and removed him from the Faith and Character Program at Coastal State Prison after he refused. Doc. 1 at 4. The First Amendment forbids prison officials from retaliating against prisoners for exercising their First Amendment rights. *Thomas v. Evans*, 880 F.2d 1235, 1241 (11th Cir. 1989). "To state a [F]irst [A]mendment claim for retaliation, a prisoner need not allege violation of a separate and distinct constitutional right." *Id.* at 1242. Rather, "[t]he gist of a retaliation claim is that a prisoner is penalized for exercising [his First Amendment rights]." *Id.* While plaintiff may not have a constitutional right to belong to the Faith and Character Program, *see Wishon v. Gammon*, 978 F.2d 446, 450 (8th Cir. 1992) ("Prisoners have no constitutional right to educational or vocational opportunities during incarceration."), he cannot be penalized for exercising his First Amendment rights. It is well-established that "[p]rison officials may not retaliate against inmates for filing lawsuits or administrative

grievances." *Williams v. Brown*, 347 F. App'x 429, 435 (11th Cir. 2009) (citations omitted).

Upon review of the Complaint, the Court concludes plaintiff fails to adequately state a claim of retaliation. To prevail on a retaliation claim, plaintiff must establish (1) he engaged in constitutionally protected conduct; (2) the defendant's retaliatory act adversely affected the protected conduct; and (3) there is a causal connection between the retaliatory act and the adverse effect on the conduct. *Smith v. Fla. Dep't of Corr.*, 713 F.3d 1059, 1063 (11th Cir. 2013).

Here, plaintiff has not sufficiently identified the constitutionally protected conduct at issue or causation. His Complaint states he was removed from the Faith and Character Program after he refused defendant Morales' attempt to talk him out of suing the GDC. Doc. 1 at 4. It is unclear whether he is alleging retaliation for his speech or for exercising his right to petition the courts. Also, he only alleges that his protected conduct was the cause of his removal from the Program in a wholly conclusory fashion. *See Leonard v. Monroe Cty.*, 789 F. App'x 848, 850–51 (11th Cir. 2019) (dismissal under § 1915 affirmed where prisoner "made only a conclusory assertion that he was placed in administrative

confinement in retaliation for filing grievances."). The Complaint, therefore, fails to adequately state a claim of retaliation under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'").

### C. Defendant Miller

Plaintiff's claim against Miller is limited to his allegation that "On 02-09-18, Samuel Miller backed over [him] in front of N Bldg. at Coastal State Prison." Doc. 1 at 4. That terse allegation, might be an attempt to allege a negligence claim against Miller. Plaintiff, however, cannot obtain § 1983 relief for negligence. The Eighth Amendment, in protecting prisoners from "cruel and unusual punishments," requires conduct by a prison official that is "more blameworthy than negligence." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). "An accident, although it may produce added anguish, is not on that basis alone to be characterized" as a violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). To state a § 1983 claim, plaintiff must allege conduct that is "more than ordinary lack of due care for the prisoner's interests or

safety." *Farmer*, 511 U.S. at 835 (citing *Whitley v. Albers*, 475 U.S. 312, 319 (1986)).

The Court cannot divine any legal claim against Miller from Plaintiff's single-sentence allegation. While it is possible plaintiff has a potential negligence claim against defendant Miller,[3] he has failed to sufficiently allege such a claim. *See Goldstein, Garber & Salama, LLC v. J.B.*, 797 S.E.2d 87, 89, 300 Ga. 840, 841 (2017) ("It is well established that to recover for injuries caused by another's negligence, a plaintiff must show four elements: a duty, a breach of that duty, causation and damages."). As a result, the Court finds plaintiff fails to adequately state a claim against defendant Miller upon which relief may be granted.

### D. Defendant Awe

Finally, Blackshear alleges that Dr. Awe failed to adequately treat plaintiff following the February 9, 2018 incident. *See* doc. 1 at 4. Like

---

[3] If plaintiff intends to proceed against any of the defendants under Georgia's negligence laws he must at least assert one viable federal claim. *See Williams v. Morales*, 2018 WL 2087247, at *3 (S.D. Ga. May 4, 2018) (*citing inter alia, Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Federal district courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331; however, federal courts may also exercise supplemental jurisdiction over state law claims that "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

his allegation against Miller, his allegation against Dr. Awe is a single, and wholly conclusory, sentence: "Dr. Awe, on 02-09-18, refused [him] proper medical treatment at Coastal State Prison." *Id.* While a "prison that deprives prisoners of basic sustenance, including adequate medical care, is incompatible with the concept of human dignity and has no place in civilized society," *Brown v. Plata*, 563 U.S. 493, 511 (2011), "[n]ot every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment," *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (quotes and cite omitted). A denial-of-adequate-medical-care claim requires a showing of "deliberate indifference to serious medical needs of prisoners." *Estelle*, 429 U.S. at 104. Plaintiff must allege that (1) he suffered a sufficiently serious medical need; (2) to which the defendant was deliberately indifferent; (3) resulting in an injury. *Goebert v. Lee Cty.,* 510 F.3d 1312, 1326 (11th Cir. 2007).

To establish deliberate indifference on the part of defendant Awe, plaintiff must allege defendant Awe had: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *Lane v. Philbin*, 835 F.3d 1302, 1308 (11th Cir.

2016) (citation omitted). A prisoner's mere disagreement with the type of medical care he receives is insufficient to support an Eighth Amendment violation. *See, e.g., Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1575 (11th Cir. 1985) ("Although [plaintiff/inmate] may have desired different modes of treatment, the care the jail provided did not amount to deliberate indifference.").

Plaintiff, in his Complaint, does not even state whether he suffered a sufficiently serious medical need, much less give any indication of defendant Awe's subjective knowledge or conduct, other than to vaguely allege defendant Awe "refused me proper medical treatment." Doc. 1 at 4. As pled, plaintiff's Complaint fails to state a viable claim of deliberate indifference to his medical needs against defendant Awe. *See Iqbal*, 556 U.S. at 678. Further, any state law claim of medical malpractice against defendant Awe cannot be considered by this Court unless plaintiff demonstrates it is sufficiently related to a viable federal law claim or otherwise outlines a basis for this Court's jurisdiction of such claim. *See* 28 U.S.C. § 1367(a).

### III.  ORDER TO AMEND

Because of the defects in plaintiff's allegations against defendants Morales, Awe, and Miller, his claims against these defendants are subject to dismissal.  However, a *pro se* plaintiff is typically granted at least one opportunity to amend.  *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (en banc)) ("[W]hen a more carefully drafted complaint might state a claim, a district court should give a *pro se* plaintiff at least one chance to amend the complaint before the court dismisses the action."); *see also* Fed. R. Civ. P. 15(a)(2) (courts should grant leave to amend "freely . . . when justice so requires").  That is the case here.  Failure to sufficiently amend these claims may result in a recommendation of dismissal.

Moreover, as noted above, plaintiff can only proceed with state law negligence claims in this Court if the Court exercises supplemental jurisdiction over such claims, or if plaintiff establishes another basis for the Court's jurisdiction.  Federal courts may  exercise supplemental jurisdiction over state law claims that "form part of the same case or

12

controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Here, for any negligence or medical malpractice claims to survive in this § 1983 action, they must be sufficiently related to a viable § 1983 claim. Accordingly, if Plaintiff amends his Complaint to include a state law negligence claim against any of the defendants, he can only proceed on such claim if he also includes a related and viable constitutional claim or if he establishes another basis for this Court's jurisdiction over such state law claim.

Finally, because plaintiff is seeking to bring this action against more than one defendant, his claims must "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2). Accordingly, the Court also instructs plaintiff to only allege claims in his Amended Complaint arising from the same transaction or occurrence or series of related transactions or occurrences. If plaintiff's claim against defendant Morales is not logically related to his claims against defendants Miller and Awe,[4] then the claims may not

---

[4] In this case, as currently pled, it is not entirely clear whether plaintiff's attempted retaliation claim against defendant Morales is logically related to the claims arising from the February 9, 2018 incident. *See, e.g., Skinner v. Derebail*, No. 1:13-CV-44, 2014 WL 2612471, at *10 (M.D. Ga. June 11, 2014) (finding subsequent claim of retaliation for filing suit did not logically relate to original Complaint alleging deliberate indifference to medical needs).

all be brought in the same lawsuit. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . . .").

## CONCLUSION

For the foregoing reasons, plaintiff is **DIRECTED** to file an Amended Complaint within thirty days from the date of this Order and Report and Recommendation putting forth in sufficient detail his allegations against defendants Morales, Miller, and Awe, and correcting any deficiencies outlined above.[5]  Failure to timely file his Amended Complaint will result in a recommendation of dismissal for failure to obey a court order or failure to prosecute.  *See* Fed. R. Civ. P. 41(b).  Plaintiff is also **DIRECTED** to **SHOW CAUSE** within thirty days from the date of this Order and Report and Recommendation as to why he failed to disclose his prior federal lawsuit and why this Court should not recommend dismissal for failure to properly disclose his litigation history.

---

[5] The Clerk of Court is **DIRECTED** to provide plaintiff with a copy of the standard prisoner complaint form for violation of civil rights, (Pro Se 14).

Plaintiff is advised that his Amended Complaint will supersede the original Complaint and therefore must be complete in itself.[6] Once he files an Amended Complaint, the original pleading will no longer serve any function in this case. Lastly, the Court **RECOMMENDS** that plaintiff's claim against the Georgia Department of Corrections be **DISMISSED** because the Department of Corrections is immune from suit under the Eleventh Amendment.

Meanwhile, it is time for plaintiff to pay his filing fees. Plaintiff's prisoner trust fund account statement reflects $48.33 in average monthly deposits. Based upon his furnished information, he owes a $9.67 initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Furthermore, the custodian also shall set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time

---

[6] "As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading." *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Can.*, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982).

the set aside amount reaches $10, until the balance of the Court's $350 filing fee has been paid in full.[7]

This Report and Recommendation (R&R) is submitted to the district court judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of

---

[7] The Clerk is **DIRECTED** to send this Order to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.

16

rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED and REPORTED and RECOMMENDED,** this 4th day of April, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA