# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| ULYSSES BLACKSHEAR, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV419-338 |
| | ) | |
| WARDEN JOSE MORALES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

The Court previously granted *pro se* plaintiff Ulysses Blackshear, Jr. additional time to respond to a previous Order to amend his Complaint and show cause why he failed to disclose his full litigation history. *See* doc. 10. He complied. *See* docs. 11 & 12. He has also sent several documents to the Court of Appeals, although they appear directed to the Clerk of this Court. *See* doc. 14. Those documents request additional time to respond to the Court's prior Report and Recommendation and request appointed counsel. *See id.* For the reasons explained below, his request for appointed counsel is **DENIED**. Doc. 14, in part. He has fully complied with the Court's prior Order, so his request for additional time to respond to the prior Report and Recommendation

is **DISMISSED as moot**.[1]  Doc. 14, in part.  Since his Amended Complaint fails to state a claim upon which relief can be granted, it should be **DISMISSED**.

## I.   APPOINTMENT OF COUNSEL

The documents Blackshear sent to the Court of Appeals includes a "request for appointed counsel to assist in [the] attempt to make him 'whole' . . . ."  Doc. 14 at 2.  He subsequently requests "appointed counsel on advise of third-party for case continuity, communication of case facts, and response to Court expectations derived with proper process of action(s) . . . ."  *Id.* at 3.  He alleges that "medical concerns, adjustment of medications, administrative security measures affecting [sic] prison population, Department of Justice (DOJ) visiting, COVID-19 quarantine, unconsciousness from unknown medication, [and] multiple tactical and k-9 unit searches" are the circumstances warranting court-appointed counsel.  *Id.* at 3-4.

Blackshear has no constitutional right to counsel in this civil case.  *Wright v. Langford*, 562 F. App'x 769, 777 (11th Cir. 2014) (citing *Bass v.*

---

[1] Blackshear's Motion does not indicate any objection to the Court's recommendation that his claims against the Georgia Department of Corrections be dismissed as barred by the Eleventh Amendment.  *See* doc. 8 at 5-6.  That recommendation has been adopted by the District Judge.  Doc. 13.

*Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." *Id.* (citing *Bass*, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987), and *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). "[T]his Court has repeatedly found that prisoners do not receive special consideration [for appointed counsel] notwithstanding the challenges of litigation in a case while incarcerated." *Holzclaw v. Milton*, 2019 WL 1474398, at * 1 (S.D. Ga. Apr. 3, 2019) (internal quotation marks and citation omitted); *see also Bell v. Lamb*, 2021 WL 1954739, at * 3 (S.D. Ga. Mar. 30, 2021). General lack of education, including legal education, is also not a sufficient basis

to require appointment of counsel. *See, e.g., Brown v. Wilcher*, 2021 WL 411508, at *1 (S.D. Ga. Feb. 5, 2021).

The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." *McDaniels v. Lee*, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)). Blackshear has presented "the essential merits of his position" to the Court. *Id.*; *see also* doc. 12. There is no apparent ambiguity in any of his filings. *See, e.g.,* doc. 12. The facts as presented, therefore, do not show any "exceptional circumstance" that warrants appointment of counsel. *Fowler*, 899 F.2d at 1096. Blackshear's motion is, therefore, **DENIED**. Doc. 14, in part.

## II.  COMPLIANCE WITH COURT ORDERS

Blackshear has complied with the Court's show-cause order. *See* doc. 8 at 3-4. His response indicates that he failed to disclose his complete litigation history because of difficulties arising from his medical conditions. *See* doc. 11 at 2. He also filed the required Amended

Complaint. *See* doc. 8 at 14. The Amended Complaint discloses his prior suit arising from the facts at issue in this case. *See* doc. 12 at 9. Given his full compliance, his request for additional time to do so is **DISMISSED** as moot. Doc. 14, in part. Since Blackshear has satisfactorily complied, the Court now screens the Complaint pursuant to 28 U.S.C. § 1915A.[2]

### III. SCREENING

"Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under [Federal Rule of Civil Procedure] 12(b)(6)." *Wilkerson v. H & S, Inc.*, 366 F. App'x 49, 51 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)); *see also Leal v. Georgia Dept. of Corr.*, 254 F.3d 1276, 1278 (11th Cir. 2001) (finding that § 1915A(b)(1) "mirrors § 1915(e)(2)(B)(ii)."). To avoid dismissal, plaintiff's pleadings must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*,

---

[2] In cases seeking redress from a government entity or its officials, the Prison Litigation Reform Act (PLRA) requires a preliminary screening in order to "identify cognizable complaints" and to dismiss, prior to service, any complaint that is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleadings cannot rest merely on an "unadorned, the-defendant-unlawfully-harmed-me accusation," *id.*, and the facts offered in support of the claims must rise to a level greater than mere speculation, *see Bell Atl. Corp.*, 550 U.S. at 555. Stated otherwise, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Id.* at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

The facts underlying Blackshear's claims are straightforward. He alleges that he is confined to a wheelchair. *See* doc. 12 at 5. In February 2018, he was positioned outside one of the buildings at Coastal State Prison during an inmate count. *Id.* A "maintenance man," defendant Miller, "backed over" Blackshear. *Id.* To further explain the circumstances of the incident, Blackshear incorporates by reference a document filed in his prior case.[3] *See id.* (citing "Doc. 17-6 . . . from Case:

---

[3] The Court may consider the contents of the documents in screening this action, as Blackshear has specifically referenced them in his Amended Complaint. *See Saunders v. Duke*, 766 F.3d 1262, 1270 (11th Cir. 2014) ("[D]ocuments attached to a

4-18-cv-00291-RSB-CLR . . ."). That document is a grievance Blackshear submitted at Coastal State Prison and documents apparently collected by prison officials in investigating that grievance. *See Blackshear v. Morales*, CV418-291, doc. 17-6 (S.D. Ga. Apr. 26, 2019). It alleges that Miller "backed . . . the maintenance cart into [Blackshear's] wheelchair and flip[ped him] out[, and that he] hit [his] head and lost conscious[ness]." *Id.* at 1. In addition to his allegations concerning the incident itself, Blackshear alleges that he was told by defendant Dr. Awe "that it was nothing wrong with [him]," but he subsequently needed surgery and suffered "nerve damage." Doc. 12 at 5. He seeks monetary damages. *Id.*

### A. Defendant Morales

The Amended Complaint names Warden Morales as a defendant. *See* doc. 12 at 2. However, there are no factual allegations implicating Warden Morales in the Amended Complaint. *See generally id.* The Court noted, in screening Blackshear's original Complaint, that he had vaguely alleged that Morales had retaliated against him for filing his prior

---

complaint or incorporated in the complaint by reference can generally be considered by a federal court in ruling on a motion to dismiss under Rule 12(b)(6).")

lawsuit. *See* doc. 8 at 6-7. The Court determined that he had failed to allege sufficient facts to support such a claim. *Id.* at 8. The omission of *any* facts from the Amended Complaint does nothing to bolster any retaliation claim, or indeed any other claim, against Morales. To the extent that Blackshear alleges that Morales is liable for the events alleged in his supervisory capacity, § 1983 does not support such a claim. *See Averhart v. Warden*, 590 F. App'x 873, 874 (11th Cir. 2014) (citing *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010) ("Section 1983 claims may not be brought against supervisory officials solely on the basis of vicarious liability or *respondeat superior*."). In the absence of any factual allegation implicating Morales, Blackshear fails to state any claim against him.

**B. Defendant Awe**

The Court also discussed Blackshear's potential claims against Dr. Awe in its prior Report and Recommendation. *See* doc. 8 at 9-11. His Amended Complaint does little to provide further factual details concerning his claims against Dr. Awe. He merely alleges that Awe told him there "was nothing wrong with [him]," at some unspecified time. Doc. 12 at 5. The documents incorporated from his prior case do not

provide much additional detail. The detail that they do provide does not support a § 1983 deliberate-indifference claim against Awe. The included report indicates that, after being struck, Blackshear was seen by prison medical staff, taken to a local hospital Emergency Room, and ultimately "seen by Medical Director [presumably, Dr. Awe]—no visible distress. Consult of physical therapy and continue pain medications." CV418-291, doc. 17-6 at 3; *see also id.* at 6.

To be liable under § 1983, a defendant must display "deliberate indifference to the serious medical needs of prisoners . . . " *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). This requires that (1) the prisoner suffered a sufficiently serious medical need; (2) to which the defendants were deliberately indifferent; (3) resulting in an injury. *Goebert*, 510 F.3d at 1326. Whether defendants were deliberately indifferent is subjective and each defendant is "judged separately and on the basis of what that person knows." *Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008). To allege deliberate indifference, a plaintiff must plead facts sufficient to show "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." *Youmans v. Gagnon*, 626 F.3d 557, 564 (11th Cir. 2010). Assuming that Blackshear

has alleged a serious medical need, none of the facts, including the incorporated documents, include *any* allegation that Awe was aware of Blackshear's serious medical need or that he was indifferent to a known condition. On the contrary, the allegations state that Awe examined and treated Blackshear. *See* CV418-291, doc. 17-6 at 3. At best, the facts alleged suggest—but still do not sufficiently allege—that Awe was negligent, not that he was deliberately indifferent. Such allegations do not support a § 1983 claim. *See, e.g., Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) ("Mere incidents of [medical] negligence or malpractice do not rise to the level of constitutional violations."). To the extent that Blackshear might allege a state-law malpractice claim against Awe, his failure to allege any federal claim, as discussed below, merits dismissal.

### C. Defendant Miller

Blackshear's Amended Complaint alleges that being "backed over" by Defendant Miller violated the Eighth Amendment's prohibition on cruel and unusual punishment. *See* doc. 12 at 3. He states that his "right to occupy any area of space, during an assigned officer's official routine personnel count, while in a wheelchair, without fear of being hurt by a

government employee operating a motor-driven vehicle, was compromised." *Id.*

The Eleventh Circuit has explained that "[t]he 'cruel and unusual punishments' standard applies to the conditions of a prisoner's confinement." *Chandler v. Crosby*, 379 F.3d 1278, 1288 (11th Cir. 2004) (citation omitted). Although the standard is not precise, "prison conditions rise to the level of an Eighth Amendment violation only when they involve the wanton and unnecessary infliction of pain." *Id.* at 1289 (citation omitted). To sufficiently allege an Eighth Amendment violation, a plaintiff must satisfy both an "objective" and "subjective" component. *Id.* As relevant here, "the prisoner must show that the defendant prison official[ ] acted with a sufficiently culpable state of mind[,]" *i.e.* deliberate indifference. *Id.* "Negligence does not satisfy this standard . . . ." *Id.*

None of Blackshear's allegations, as the Court previously explained, allege that Miller had the requisite knowledge to act with deliberate indifference. *See* doc. 8 at 8-9. Although Blackshear's Amended Complaint alleges more facts, there is still no allegation

sufficient to support an Eighth Amendment claim. *See generally* doc. 12. He has, therefore, failed to state a § 1983 claim against Miller.

### D. Supplemental Jurisdiction

As discussed above, Blackshear's allegations might implicate state-law ordinary or professional negligence claims against defendants Awe and Miller. The Court previously explained that such claims do not support this Court's jurisdiction. *Id.* at 9 n. 3 (citing, *inter alia.*, *Williams v. Morales*, 2018 WL 2087247, at *3 (S.D. Ga. May 4, 2018)). Since Blackshear has not alleged any viable federal claim, the Court should decline to exercise supplemental jurisdiction over any state-law negligence claim. *See* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a [state law] claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."); *see also, e.g., Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir. 1999) ("[I]f the federal claims are dismissed prior to trial, [*United Mine Workers v.*] *Gibbs* strongly encourages or even requires dismissal of state claims." (internal quotation marks and citations omitted)). Since the Court should decline to exercise supplemental

12

jurisdiction over the possible state law claims, the Court does not consider whether those claims have been sufficiently pleaded.

Blackshear's Amended Complaint fails to state any 42 U.S.C. § 1983 claim upon which relief may be granted against any defendant. To the extent that the facts alleged might implicate state-law negligence claims, the Court should decline to exercise supplemental jurisdiction over those claims. Accordingly, Blackshear's Amended Complaint should be **DISMISSED** in its entirety. *See, e.g.,* 28 U.S.C. §§ 1367(c), 1915A(b).

## IV.   CONCLUSION

In summary, Blackshear's request for appointed counsel is **DENIED**. Doc. 14, in part. His request for additional time to respond to the prior Report and Recommendation is **DISMISSED** as moot. Doc. 14, in part. His Amended Complaint should be **DISMISSED**.[4] Doc. 12.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should

---

[4] While Blackshear is not entitled to a further opportunity to amend his complaint, the fourteen-day objection period, discussed below, affords him one final opportunity to address the deficiencies identified above.

be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED and REPORTED and RECOMMENDED,** this 28th day of October, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA