IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ULYSSES BLACKSHEAR, JR., | |
| Plaintiff, | CIVIL ACTION NO.: 4:19-cv-338 |
| v. | |
| WARDEN JOSE MORALES, *et al.*. | |
| Defendants. | |

**O R D E R**

After a careful de novo review of the entire record, as discussed below, the Court concurs with the Magistrate Judge's Report and Recommendation, (doc. 16), to which plaintiff has filed an objection, (doc. 17). Plaintiff's Objection first renews his request for appointed counsel. (Doc. 17 at 1-2.) Appointment of counsel in civil cases is limited to "exceptional circumstances." See Wright v. Langford, 562 F. App'x 769, 777 (11th Cir. 2014). The "key [to determining when counsel should be appointed] is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court." McDaniels v. Lee, 405 F. App'x 456 (11th Cir. 2010). Because Blackshear's renewed request does not identify any exceptional circumstances, it is **DENIED**. (Doc. 17.) For the reasons explained below, the Court **ADOPTS** the Report and Recommendation as its opinion, as supplemented.[1]  See 28 U.S.C. § 636(b)(1) ("A judge of the

---

[1] The Magistrate Judge found that Blackshear had complied with his prior show-cause order. (See doc. 16, pp. 4-5.) Blackshear's Objection includes a section suggesting he disputes that finding. (See doc. 17, p. 2.) The substance of that section is, charitably, hard to understand. (Id.) Rather than dispute the Magistrate Judge's conclusion concerning his compliance, he appears to dispute that his Amended Complaint superseded his prior pleadings. (Id. ("The court alleges plaintiff's defendant claims prior concerning defendant Warden, Jose Morales, et. al, and supercedes amended compliances, diminished, they did not as plaintiff did show how initial complaint gave rise to current superceding amended pleadings." (unedited).) However, the Magistrate Judge correctly advised Blackshear "that his Amended Complaint

court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.").

As the Magistrate Judge explained, the facts underlying Blackshear's claims are not complicated. (See doc. 16, p. 6.) Blackshear, who is confined to a wheelchair, was "backed over" by a Coastal State Prison employee, defendant Miller, driving a golf cart. (Id.) In screening Blackshear's Amended Complaint, the Magistrate Judge noted that it incorporated by reference material filed in a previously dismissed case. (Id., p. 6.) The Magistrate Judge found that those documents were properly incorporated into the Amended Complaint and considered them. (Id., pp. 6-7. 6 n. 3.) The Magistrate Judge then considered whether the Amended Complaint stated any federal claim against the named defendants. (Id., pp. 7-12.) Because he concluded that all of the potential federal claims should be dismissed, the Magistrate Judge recommended that the Court decline to exercise supplemental jurisdiction over any potential state-law claims implicated by the alleged facts. (Id., pp. 12-13.)

The Magistrate Judge's Report and Recommendation explained that Blackshear's claims are subject to screening pursuant to 28 U.S.C. § 1915A. (See doc. 16, p. 5.) He further explained that, at screening, the Court evaluates whether a pleading states any claim upon which relief can be granted by applying the same standard applicable to motions to dismiss, under Federal Rule of Civil Procedure 12(b)(6). (Id.); see also, e.g., Leal v. Georgia Dept. of Corr., 254 F.3d 1276, 1278 (11th Cir. 2001). Blackshear objects that dismissal under Rule 12(b)(6) "requires responsive pleading, if allowed." (Doc. 17, p. 2.) That objection, however, ignores the effect of the

---

will supersede the original Complaint and therefore must be complete in itself." (Doc. 8, p. 15, 15 n. 6). To the extent that Blackshear contends that the Court has an obligation to consider superseded pleadings in screening his Amended Complaint, he is mistaken. See, e.g., Ramchandani v. Sanghrajka, 2022 WL 16549470, at *1 (11th Cir. Oct. 31, 2022) ("[T]he leniency afforded to pro se litigants does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." (internal quotation marks and citation omitted)).

screening required by § 1915A. See 28 U.S.C. § 1915A(a) ("The court shall review, before docketing, if feasible, or, in any event as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."). To the extent that Blackshear contends that the Magistrate Judge erred by subjecting his Amended Complaint to screening, therefore, his objection is meritless.

A. Defendant Morales

The Magistrate Judge noted that "there are no factual allegations implicating Warden Morales in the Amended Complaint."[2] (Doc. 16, p. 7.) Despite noting a claim the Court previously rejected, the Magistrate Judge explained that the lack of any factual allegation, and the fact that § 1983 does not support supervisory or respondeat superior liability, merited dismissal of any claim Blackshear intended to assert against the Warden. (Id., p. 8.) Blackshear's objection to the recommended dismissal contends that his allegations of "retaliation," asserted in his original Complaint, should have been considered. (Doc. 17, p. 3.) Despite that contention, the Amended Complaint does not allege, even in a conclusory fashion, that Warden Morales retaliated against Blackshear for any protected conduct. (See generally doc. 12.) Since, as the Magistrate Judge warned Blackshear, (see doc. 8, p. 15), the Amended Complaint superseded his original Complaint, his allegations there are irrelevant to whether the Amended Complaint states any claim against

---

[2] Although the Magistrate Judge's statement is a correct assessment of the facts alleged in the Amended Complaint "giving rise to [Blackshear's] claim . . . ," (see doc. 12, pp. 4-5), Morales is mentioned as the official who "denied" Blackshear's institutional grievance concerning the events at issue, (Id., p. 7.) The Magistrate Judge did not base any portion of his recommendation on any issue with Blackshear's exhaustion of available administrative remedies. (See generally doc. 16); see also, e.g., 42 U.S.C. § 1997e(a). Moreover, any defect in the institutional grievance procedure, even assuming that Blackshear alleged one, cannot support a § 1983 claim. See, e.g., Baker v. Rexroad, 159 F. App'x 61, 62 (11th Cir. 2005). Any ambiguity in the Magistrate Judge's statement concerning Blackshear's allegations against Morales is, therefore, moot.

Morales.³  Accordingly, Blackshear's Amended Complaint does not state any claim against Morales upon which relief may be granted.  See 28 U.S.C. § 1915A(b)(1).

    B. Defendant Awe

The Magistrate Judge concluded that Blackshear had failed to state any claim against Defendant Awe.  (See doc. 16, pp. 8-9.)  He noted that Blackshear's complaints about the quality of medical care he received implicated a deliberate indifference claim, under the Eighth Amendment.  (Id., p. 9.)  The Magistrate Judge considered both whether Blackshear had sufficiently alleged a claim that Awe was deliberately indifferent to a serious risk of harm or to Blackshear's serious medical needs.  (Id.)  Both of those claims require, at least, an allegation that a particular defendant was subjectively aware of a risk or medical need and was indifferent to that risk.  (Id., pp. 9-10.)  The Magistrate Judge found that "none of the facts, including the incorporated documents, include any allegation that Awe was aware of Blackshear's serious medical need or that he was indifferent to a known condition.  On the contrary, the allegations state that Awe examined and treated Blackshear."  (Id., p. 10.)  The Magistrate Judge, therefore, concluded that Blackshear's Amended Complaint, at most, alleged defendant Awe was negligent. (Id., p. 10.)  Allegations of medical negligence or malpractice are not sufficient to support a § 1983 claim.  See, e.g. Estelle v. Gamble, 429 U.S. 97, 105-106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.  In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence

---

³ The Magistrate Judge's Order directing Blackshear to amend his Complaint noted that its assertion of such a claim was not entirely clear.  (See doc. 8, p. 13 n. 4).  Blackshear's original Complaint alleges only "Jose Morales tried to talk me out of suing the GDC, and after I refused, I was removed from Faith and Character Program at Coastal State Prison."  (Doc. 1, p. 5.)  The Magistrate Judge previously explained the defects in that claim.  (See doc. 8, pp. 6-7.)  Blackshear did not object to the Magistrate Judge's analysis of that claim.  (See doc. 11.)  Even if Blackshear could rely on his prior pleading—and he cannot—he does not dispute or propose to correct the defects the Magistrate Judge already identified.  (See generally doc. 17.)

deliberate indifference to serious medical needs.").

First, Blackshear does not object to the Magistrate Judge's conclusion that the Amended Complaint does not state any claim that Awe was deliberate indifferent to any risk. (Doc. 17, p. 3.) Instead, citing Estelle, he confirms that his claims were properly construed as asserting Awe was deliberately indifferent to his serious medical needs. (Id.) He does not, however, point to any allegation in the Amended Complaint that the Magistrate Judge misconstrued or failed to consider. (Id.) He merely states, in a wholly conclusory fashion, that he "did show cause of requirements for deliberate indifference to the serious medical needs of prisoners . . . ." (Id.) Accordingly, the Court concurs with the Report and Recommendation's conclusion that Amended Complaint does not state any claim against Awe upon which relief may be granted. See 28 U.S.C. § 1915A(b)(1).

C. Defendant Miller

Blackshear clearly alleges that Miller "backed over" him with a golf cart. (See doc. 12, p. 3.) While such an accident may give rise to liability, it does not appear to violate any of Blackshear's constitutional rights. (See doc. 16, p. 11.) As the Magistrate Judge explained, negligent conduct does not rise to the level of the deliberate indifference to health or safety necessary to allege a violation of the Eighth Amendment. (Id. (citing Chandler v. Crosby, 379 F.3d 1278, 1288-89 (11th Cir. 2004)). The Magistrate Judge concluded that the Amended Complaint "failed to state a § 1983 claim against Miller." (Id., p. 12.)

Blackshear's objection adopts a creative, if ultimately unpersuasive, approach to avoid the Magistrate Judge's analysis. He quotes from Supreme Court authority discussing the pleading standard applicable to employment discrimination cases, analyzed under the framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). (See doc. 17, p. 3.)

5

Despite his assertion, Blackshear's objection acknowledges the Supreme Court's recognition of the limited applicability of that highly technical framework to the employment-discrimination context.  (Id., p. 4 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007)); see also Bell Atlantic Corp, 550 U.S. at 570 (distinguishing error in requiring plaintiffs to plead facts sufficient to establish a prima facie case under McDonnell Douglas, but emphasizing that a complaint must include "enough facts to state a claim to relief that is plausible on its face."). Blackshear has cited no authority that the McDonnell-Douglas framework applies outside the employment-discrimination context or that Miller's conduct rises to the level of a constitutional violation.  See, e.g., Melendez v. Sec'y, Fla. Dept. of Corrs., 2022 WL 1124753, at *10 (11th Cir. Apr. 15, 2022) ("With respect to the subjective inquiry in prison conditions cases, the relevant state of mind for purposes of liability is deliberate indifference.  [Cit.]  The deliberate indifference standard sets a high bar in the prison context.  [Cit.]  Ordinary malpractice or simple negligence won't do . . . ." (internal quotation marks and citations omitted)).  Since the Magistrate Judge correctly concluded that Blackshear's allegations against Miller do not allege more than his negligence, the Amended Complaint fails to state any § 1983 claim against him.  (See doc. 16, p. 12).

      D.  Supplemental Jurisdiction

The final section of the Magistrate Judge's analysis recognized that "Blackshear's allegations might implicate state-law ordinary or professional negligence claims . . . ."  (Doc. 16, p. 12.)  However, he recommended that the Court decline to exercise supplemental jurisdiction over any such claims because Blackshear has failed to allege any viable federal claim.  (Id. (citing 28 U.S.C. § 1367(c)).  The Eleventh Circuit has repeatedly "noted that if the federal claims [which form the basis for the court's jurisdiction] are dismissed prior to trial, [United Mine Workers v.]

6

Gibbs strongly encourages or even requires dismissal of state claims." Mergens v. Dreyfoos, 166 F.3d 1114, 1119 (11th Cir. 1999) (internal citations and quotations omitted); see also, e.g., Owens-Benniefield v. BSI Fin. Servs., 806 F. App'x 853, 860 (11th Cir 2020) ("[T]he district court's dismissal was consistent with our precedent encouraging the dismissal of remaining state-law claims when the federal-law claims are dismissed before trial."). The Court, therefore, declines to exercise supplemental jurisdiction over any state-law claims that might be implicated by the allegations in Blackshear's Amended Complaint. 28 U.S.C. § 3167(c).

In summary, the Court agrees with the Magistrate Judge's conclusion that Blackshear's Amended Complaint fails to state any § 1983 claim upon which relief can be granted. Accordingly, the Report and Recommendation is **ADOPTED** as the opinion of the Court, (doc. 16), as supplemented by the discussion above, Blackshear's Objection is **OVERRULED**, (doc. 17), and the Amended Complaint, (doc. 12), is **DISMISSED**. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**SO ORDERED**, this 2nd day of December, 2022.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA